# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JACQUIS LAMONT LEICHMAN,

    Petitioner,

    v.                                                 Case No. 18-CV-1935

SCOTT ECKSTEIN,

    Respondent.

## ORDER DENYING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND MOTION TO APPOINT COUNSEL

Jacquis Lamont Leichman, who is currently incarcerated at the Green Bay Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Accompanying his petition is a motion for leave to proceed without prepayment of the filing fee (Docket # 2) and a motion to appoint counsel (Docket # 3). Leichman has also submitted his prison account statement for the 6-month period immediately preceding the filing of the petition, in accordance with 28 U.S.C. § 1915(a)(2). (Docket # 4.)

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

Upon review of Leichman's affidavit and his prison account statement, I find that he has sufficient assets to pay the $5.00 filing fee. Although Leichman asserts in his affidavit that he has no assets and fifty percent of his prison funds are deducted for restitution (Docket # 2 at 2), Leichman's

prison trust account statement indicates that he is capable of paying the one-time filing fee of $5.00 (Docket # 4). Although it appears the end balance in Leichman's regular account has fluctuated over the last six months (i.e., the end balance from September 15 through September 28 was $7.99, while the end balance from June 9, 2018 through June 22, 2018 was $91.58), for the majority of the relevant months, Leichman's statements show sufficient assets to pay the $5.00 filing fee. Thus, Leichman's motion for leave to proceed without prepaying the filing fee is denied.

Leichman also requests appointment of counsel. (Docket # 3.) The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the court to appoint counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254. The court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible" if counsel is asked to represent an indigent petitioner. 18 U.S.C. § 3006A(a)(2). "[D]ue process does not require appointment of counsel for indigent prisoners pursuing . . . federal habeas relief." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir.2007). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Id.* at 649. Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding *in forma pauperis*. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983).

A threshold question is whether the litigant has attempted to obtain counsel himself or has been effectively precluded from doing so. *Pruitt,* 503 F.3d. at 654–55. Once the petitioner has established that his reasonable efforts to obtain counsel were unsuccessful the court conducts "a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Id.* at 655. The inquiries are intertwined; "the question is whether the

difficulty of the case—factually and legally—exceeds the particular [party's] capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Whether a party appears competent to litigate his own claims, given their difficulty, includes consideration of all parts of litigation, including evidence gathering and responding to motions. *Id.* Regarding the party's ability to litigate the case, the court should review "whatever relevant evidence is available on the question," including pleadings and communications from the party. *Id.*

Again, the threshold question is whether the litigant has attempted to obtain counsel on his own. Leichman's motion is silent as to whether he has attempted to contact any attorneys regarding representation. Without more information (specifically, the names of the attorneys he has contacted who have refused to take his case), I cannot determine whether Leichman has made a reasonable attempt to obtain counsel on his own.

Nonetheless, even if Leichman had stated that he had attempted to find counsel but was unsuccessful, I find that he is capable of coherently presenting his case without counsel. The question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff. *Pruitt*, 503 at 653. If that were the test, district judges would be required to appoint counsel for every indigent litigant. *Id.* at 655 (internal citations omitted). Rather, as previously stated, the question is whether the difficulty of the case—factually and legally—exceeds the particular petitioner's capacity as a layperson to coherently present it to the judge himself such that justice requires the appointment of counsel.

While Leichman states that he is not a lawyer nor trained in making legal arguments, this is true for most of the habeas petitioners before this court. Leichman also states that he cannot adequately present his arguments without the assistance of counsel. Leichman's habeas petition

raises three grounds for relief, but ostensibly raises only two arguments—ineffective assistance of counsel and admission of a hearsay statement in violation of his rights under the Confrontation Clause. Leichman's pleadings to date are coherent and clear. For these reasons, Leichman's motion to appoint counsel is denied.

**NOW, THEREFORE, IT IS ORDERED** that Leichman's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **DENIED**. Leichman shall pay the $5.00 filing fee no later than December 21, 2018. Upon receipt of the filing fee, I will screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Failure to pay the filing fee by December 21, 2018 will result in this petition being dismissed.

**IT IS FURTHER ORDERED** that Leichman's motion to appoint counsel (Docket # 3) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 7th day of December, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge