UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACQUIS LAMONT LEICHMAN,

        Petitioner,

v.                                         Case No. 18-cv-1935-pp

DYLON RADTKE,[1]

        Respondent.

**ORDER GRANTING MOTION TO FILE AMENDED PETITION AND FOR STAY AND ABEYANCE (DKT. NO. 15) AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

On December 7, 2018, the petitioner, an inmate at Green Bay Correctional Institution who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2013 conviction in Milwaukee County Circuit Court for first-degree intentional homicide. Dkt. No. 1. The same day, Magistrate Judge Nancy Joseph denied the petitioner's motions to proceed without prepaying the filing fee and for appointment of counsel. Dkt. No. 6. On December 18, 2018, the court received the petitioner's filing fee.

---

[1]Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that if a petitioner is in custody under a state-court judgment, the petitioner must name as respondent the officer who has custody. Dylon Radtke is the current warden of the Green Bay Correctional Institution, so the court has revised the caption to reflect the correct respondent.

1

On July 6, 2020, the petitioner filed a "Motion to File Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Sec. 2254, and to Stay the Proceeding, and hold Amended petition in Abeyance until Wisconsin State Courts decide petitioner's claim." Dkt. No. 15. The court will grant the motion.

A. Background

On May 24, 2013, a Milwaukee County jury found the petitioner guilty of first-degree intentional homicide. State v. Leichman, Milwaukee County Case No. 11CF2926 (available at: https://wcca.wicourts.gov). On November 3, 2014, the petitioner filed a *pro se* motion for postconviction relief under Wis. Stat. §809.30. Id. On February 5, 2015, the Milwaukee County Circuit Court denied the petitioner's postconviction motion. Id. On August 30, 2016, the Wisconsin Court of Appeals affirmed the petitioner's conviction and the circuit court's denial of his postconviction motion. State v. Leichman, Appeal No. 15AP356 (available at https://wscca.wicourts.gov). The Wisconsin Supreme Court denied review two months later. Id.

Asserting newly discovered evidence, the petitioner filed a *pro se* motion for a new trial under Wis. Stat. §974.06 on February 23, 2017. State v. Leichman, Milwaukee County Case No. 11CF2926 (available at: https://wcca.wicourts.gov). The Milwaukee County Circuit Court denied the motion four days later. Id. The Wisconsin Court of Appeals summarily affirmed the circuit court on April 13, 2018. State v. Leichman, Appeal No. 17AP482 (available at https://wscca.wicourts.gov). A month later, the Wisconsin Supreme Court denied the petitioner's petition for review. Id.

The petitioner filed his federal *habeas* petition on December 7, 2018. Dkt. No. 1. It asserts a Confrontation Clause claim under the Sixth Amendment, a claim that the Court of Appeals violated United States Supreme Court caselaw related to hearsay testimony and an ineffective assistance of counsel claim. Id. at 6-8. Before this court could screen the petition, the petitioner returned to the Milwaukee County Circuit Court, filing a third *pro se* motion for a new trial on August 1, 2019. State v. Leichman, Milwaukee County Case No. 11CF2926 (available at: https://wcca.wicourts.gov). On August 21, 2019, the circuit court denied the petitioner's motion. Id. On July 6, 2020, the petitioner filed the motion underlying this order, asking to file an amended petition and for a stay. Dkt. No. 15. The Wisconsin Court of Appeals affirmed the circuit court's denial of the petitioner's third postconviction motion for a new trial on December 29, 2020. State v. Leichman, Appeal No. 19AP1666 (available at: https://wscca.wicourts.gov).

B. Applicable Law

Under Federal Rule of Civil Procedure 15(a)(1),

[a] party may amend its pleading once as a matter of course within (1) 21 days after serving it, or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

3

Rule 15 is "made applicable to habeas proceedings" by 28 U.S.C. §2242, Fed. R. Civ. P. 81(a)(4) and Rule 11 of the Rules Governing Habeas Cases. Mayle v. Felix, 545 U.S. 644, 655 (2005). Courts should freely give leave to amend when justice so requires; however, the court has broad discretion to deny a request to amend when there is delay, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where the amendment would be futile. Hukic v. Aurora Loan Services, 588 F.3d 420, 432 (7th Cir. 2009). An amendment is futile if the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations would bar the proposed amendment. Rodriguez v. U.S., 286 F.3d 972, 980 (7th Cir. 2002).

C. Analysis

The petitioner asks the court for leave to file an amended petition. Dkt. No. 15. The petitioner explains that in his attached proposed amended petition, he adds an actual innocence claim "with affidavits by Felicia Leichman (Caldwell), Robert Berndt, and a report authored by Peter Pearales." Id. at 2. He states that the affidavits and report prove violations of his rights under the Sixth and Fourteenth Amendments. Id. According to the petitioner, "[t]he issue with Robert Berndt being a new eyewitness in this case is the only issue being resolved in the state court. After its resolved the petitioner could fully argue his actual innocence claim with Felicia Leichman's (Caldwell), and Peter Perales unexhausted actual innocence claim. Combining all into one claim." Id. "The petitioner would like the court to stay the proceeding and hold the amended petition in abeyance until the state court's decision is final related to the

4

Robert Berndt's claim," and to "allow the petitioner to file the amended petition instead of the original petition." Id. at 2-3. He says that "[t]he Robert Bernt claim is already being briefed in the Wisconsin Court of Appeals, . . . [w]hich shouldn't burden this court with a prolonged waiting period." Id. at 3. A review of the proposed amended petition shows that it asserts a Confrontation Clause claim under the Sixth Amendment, an ineffective assistance of counsel claim and a "denial of petitioner's due process due to new evidence of actual innocence." Dkt. No. 15-1 at 6-8.

This is the petitioner's first request to amend his petition. There is no evidence of dilatory motive, delay or a repeated failure to cure any deficiency. Because the petitioner filed his motion to amend before the court required the respondent to answer, amending the petition would not prejudice the respondent. The proposed amendments would not be futile; on December 29, 2020, the Wisconsin Court of Appeals issued an order affirming the circuit court. See State v. Leichman, Appeal No. 19AP1666 (available at https://wscca.wicourts.gov). Although the petitioner filed his motion to amend on July 6, 2020, it appears he has not yet filed a petition for review in the Wisconsin Supreme Court. The one-year AEDPA statute of limitations has not expired on claims the petitioner is presently litigating in the state courts.

D.  Staying Federal Proceedings

The petitioner also asks the court to stay the federal proceedings until the state courts issue a final decision. Dkt. No. 15 at 1-2. As the court has noted, the petitioner filed his original federal petition on December 7, 2018 and

5

the petitioner filed another postconviction motion in the Milwaukee County Circuit Court on August 1, 2019. The Milwaukee County Circuit Court denied the third postconviction motion three weeks later. On July 6, 2020, the petitioner returned to this court and filed his motion for leave to file an amended petition and for a stay; about six months later, the Wisconsin Court of Appeals affirmed the circuit court's decision denying his third postconviction motion. The petitioner has not yet filed a petition for review in the Wisconsin Supreme Court.

The petitioner appears to recognize that the law requires him to give the Wisconsin courts a full opportunity to review his arguments before he may seek federal *habeas* relief. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Such a "full opportunity" "includes presenting the claims to the state's highest court in a petition for discretionary review." Hicks v. Hepp, 871 F.3d 513, 530 (7th Cir. 2017) (citing O'Sullivan, 526 U.S. at 845).

Assuming the petitioner has exhausted some claims and not others, he has filed what is known as a "mixed" petition. Rose v. Lundy, 455 U.S. 509, 510 (1982) ("mixed petitions" are petitions that contain both exhausted and unexhausted claims). A federal court "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005). The court can, however, order a stay and abeyance of an unexhausted federal *habeas* petition while a petitioner returns to the state court to exhaust his state remedies. Rhines, 544 U.S. at 276-77; Dolis v. Chambers, 454 F.3d 721, 724-

6

25 (7th Cir. 2006) (vacating district court's dismissal of a petitioner's wholly unexhausted *habeas* petition and remanding with instructions for the court to consider a stay of the federal proceedings under pre-Rhines circuit authority).

"[S]tay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. A district court should grant a stay only when "there was good cause for the petitioner's failure to exhaust his claims first in state court," and should not grant a stay if the petitioner's claims are "plainly meritless." Id. The Supreme Court has instructed district courts that they should not stay mixed petitions "indefinitely," and "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 277-78.

This court received the original petition on December 7, 2018, *before* the state court received the petitioner's third postconviction motion. The petitioner's motion suggests that he filed his third postconviction motion in the Milwaukee County Circuit Court *after* he filed his original petition because it raises newly discovered evidence.

At this early stage, the court cannot conclude that the petitioner does not have meritorious claims. The court will grant the plaintiff's request to stay the federal proceedings while he finishes exhausting his state remedies. The court will stay and administratively close the federal case until the petitioner has exhausted his claims in state court. The court will order that within thirty days of the date upon which his conviction becomes final, the petitioner must file a motion asking this court to reopen his federal case. The court then will reopen the case and order the petitioner to file his amended petition. At that time, the

petitioner should clarify the claims that he is raising and indicate whether he's exhausted them. The court cautions the petitioner that he should use his time in state court to exhaust *all* claims that he wants to raise in his amended federal *habeas* petition. Administratively closing the federal case will preserve the original petition date.

    E.    <u>Conclusion</u>

The court **GRANTS** the petitioner's Motion to File Amended Petition for Writ of Habeas Corpus and to stay this federal *habeas* case. Dkt. No. 15. The court **ORDERS** that this case is **STAYED** until the petitioner has exhausted his state court remedies.

The court **ORDERS** the Clerk of Court to **CLOSE** this case for administrative purposes. The court **ORDERS** that within thirty days after the conclusion of his state court proceedings, the petitioner must file a motion in this case (captioned "Motion to Reopen"), informing the court that the state court proceedings are finished and asking the court to reopen the federal case. Once it receives that motion, the court will reopen the case immediately, with the parties retaining all rights they would have had had the case not been closed for administrative purposes. The petitioner will have the benefit of the original filing date.

Dated in Milwaukee, Wisconsin this 30th day of January, 2021.

                                    **BY THE COURT:**

                                    _____
                                    **HON. PAMELA PEPPER**
                                    **Chief United States District Judge**