UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JACQUIS LAMONT LEICHMAN,

        Petitioner,

v.                                          Case No. 18-cv-1935-pp

DYLON RADTKE,

        Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION TO REOPEN CASE (DKT. NO. 17), LIFTING STAY AND SETTING BRIEFING SCHEDULE**

---

On January 30, 2021, the court granted the petitioner's motion to file an amended petition and for a stay and abeyance and administratively closed the case. Dkt. No. 16. On February 9, 2021, the petitioner filed a motion to reopen. Dkt. No. 17. The court grants the motion and sets a briefing schedule.

    A.    <u>Background</u>

In 2013, a Milwaukee County jury found the petitioner guilty of first-degree intentional homicide. Dkt. No. 16 at 1-2. The petitioner challenged that conviction in the state courts through two postconviction motions and a direct appeal before filing a federal *habeas* petition. <u>Id.</u> at 2-3. He filed this federal *habeas* petition on December 7, 2018. Dkt. No. 1.

The court did not screen the petition right away. In fact, due to its congested calendar, it took the court an embarrassingly long time to get to the petition. On July 6, 2020—eighteen months after he filed his complaint but before the court had screened it—the petitioner filed a motion asking to amend

1

his original petition. Dkt. No. 15. He explained that he wanted to add a claim of actual innocence, supported by affidavits from Felicia Leichman (Caldwell) and Robert Berndt and a report from Peter Pearales. Id. at 2. He attached the affidavits and the report. Dkt. No. 15-1 at 25-28. He represented, however, that some of the basis for the actual innocence claim was still being litigated in state court, so he asked this federal court to stay the federal proceedings to allow him to exhaust that claim. Id. 2-3. He asked the court to allow him to file an attached amended petition. Id. The petitioner attached to this motion a twelve-page proposed amended petition that listed, as the third ground, actual innocence and mentioned Leichman Caldwell, Berndt and Pearales. Dkt. No. 15-1 at 8.

The petitioner attached to the motion the Milwaukee County Circuit Court's August 21, 2019 decision denying his third motion for a new trial. Id. at 15. He also attached an acknowledgment from the clerk of the court of appeals that on January 6, 2020, the petitioner had filed his brief and appendix appealing that decision. Id. at 13. The state had filed its reply brief on June 1, 2020. Id. at 14.

Although the petitioner filed his motion to amend on July 6, 2020, this court still did not timely address it. On December 29, 2020, the court of appeals summarily affirmed the circuit court's order. State v. Leichman, Appeal No. 2019AP001666 (District 1 Court of Appeals), available at https://wscca.wicourts.gov/. Under Wis. Stat. §808.10(1), the petitioner had thirty days from that date to file a petition for review with the Wisconsin

Supreme Court. That means his petition for review was due by January 28, 2021. There is no indication in the court of appeals record that the petitioner filed a petition for review with the Wisconsin Supreme Court.

On January 30, 2021—two days after the petitioner's petition for review would have been due—this court granted the petitioner's motion to amend his petition. Dkt. No. 16. The court—not realizing that the petitioner had pursued the proceedings in state court as far as he planned to—stayed the case, administratively closing it until the petitioner had exhausted the actual innocence claim. Id. at 8. The court neglected, however, to instruct the clerk's office to docket the proposed amended petition as the operative pleading. Ten days later, the petitioner filed his motion to reopen. Dkt. No. 17.

B.  Petitioner's Motion to Reopen (Dkt. No. 17)

In the motion to reopen, the petitioner states that "all his issues in the state court" have "become final;" he asks the court to allow him to file his petition. Id. at 2. The petitioner states that he "would only pursue exhausted claims." Id.

C.  Analysis

The court will grant the petitioner's motion to reopen. As the court has noted, the petitioner's state conviction became final on January 28, 2021, the date on which his time to file a petition for review by the Wisconsin Supreme Court expired. Because there is no remaining state court with jurisdiction, the petitioner has exhausted all the claims in the amended petition. See Johnson v. Foster, 786 F.3d 501, 504 (7th Cir. 2015). The petitioner filed his motion to

3

reopen on February 9, 2021, twelve days after the deadline for him to petition the Supreme Court had expired. That means his motion was timely, because he followed this court's order and filed the motion less than thirty days after the conclusion of his state-court proceedings.

As the court has noted, the petitioner has exhausted all the claims in the amended petition—including the actual innocence claim—because the 'the doors of the Wisconsin Supreme Court are no longer open to him." Johnson, 786 F.3d at 505. The petitioner stated in his motion to reopen, however, that he "would only pursue exhausted claims for federal review." Dkt. No. 17 at 2. This phrasing implies that the petitioner believes the amended complaint may contain an unexhausted claim. The court suspects he is thinking of the actual innocence claim, which he raised in his third motion for a new trial and argued on the appeal from the denial of that motion, but did not present to the Wisconsin Supreme Court in a petition for review. That claim—the actual innocence claim—is exhausted. But it may be "procedurally defaulted" if the reason it is exhausted is "attributable to the petitioner's failure to comply with the state court system's procedural rules." Johnson, 786 F.3d at 504.

"Procedural default is considered an affirmative defense that the State must raise and preserve to avoid waiver." Kaczmarek v. Rednour, 627 F.3d 586, 591-92 (7th Cir. 2010). If the petitioner has procedurally defaulted on his actual innocence claim, it is up to the respondent to raise that issue. But perhaps, in stating that he plans to pursue only "exhausted claims," the petitioner was trying to tell the court that he was aware of a procedural

4

problem with the actual innocence claim and that he was choosing not to pursue the actual innocence claim in federal court. If the petitioner does not wish to pursue the actual innocence claim (or one of the other claims in the amended petition), he may notify the court by the deadline the court sets below.

D.     Conclusion

The court **GRANTS** the petitioner's motion to reopen the case, dkt. no. 17, **LIFTS** the stay and **REOPENS** the case.

The court **ORDERS** that the Clerk of Court shall reopen the case and docket the proposed amended petition as the operative petition. Dkt. No. 15-1.

The court **ORDERS** that by the end of the day on **April 9, 2021**, the petitioner must notify the court of any claims in the amended petition that he does not wish to pursue. If the petitioner does not identify any such claims by the end of the day on April 9, 2021, the respondent will respond to all the claims in the amended petition.

The court **ORDERS** that within sixty days the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of the amended petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages and reply briefs may not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice must

inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The Department of Justice must provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 9th day of March, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**